THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 David Heath, Appellant.
 
 
 
 
 

Appeal From Aiken County
 Thomas W. Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No. 2010-UP-475
 Submitted October 1, 2010  Filed October
28, 2010

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Attorney General Julie M.
 Thames, all of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for
 Respondent.
 
 
 

PER CURIAM: David Heath appeals his conviction for
 contributing to the delinquency of a minor, arguing the trial court erred in denying his motion for a
 directed verdict.  We affirm.[1]
 "When ruling on a
 motion for a directed verdict, the trial court is concerned with the existence
 or nonexistence of evidence, not its weight." State v. Weston, 367
 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  A reviewing court must uphold the
 denial of a directed verdict where "there is any direct evidence or
 substantial circumstantial evidence reasonably tending to prove the guilt of
 the accused . . . ."  Id.  The reviewing court
 views the evidence and all reasonable inferences in the light most favorable to
 the State. Id.  Under section 16-17-490 of the South Carolina Code
 Annotated (2003), "It shall be unlawful for any person over eighteen years
 of age to knowingly and willfully encourage, aid or cause or to do any act
 which shall cause or influence a minor: (1) To violate any law
 . . . ."  Moreover, "It is
 unlawful for a person under the age of twenty-one to . . . consume
 . . . alcoholic liquors."  S.C. Code. Ann. § 63-19-2450(A) (2010).
Viewed in the light most
 favorable to the State, the State presented direct evidence that Heath gave
 alcohol to a minor.  The evidence established Heath knew the minor was
 fourteen.  The minor testified that she drank from a white, Styrofoam cup filled
 with a "brown drink" containing alcohol.  A public safety officer
 found a white, Styrofoam cup in an area where the minor told the officer the
 cup would be, and a detective testified that the cup "had the odor of an
 alcoholic beverage."  Moreover, the State presented substantial
 circumstantial evidence reasonably tending to prove Heath knowingly and
 willfully influenced the minor to drink from the cup.  Heath brought the cup
 from a house and gave the cup to the minor.  Accordingly, the trial court
 properly denied Heaths motion for a directed verdict.  
AFFIRMED.
FEW, C.J.,
 SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.